IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| **CONNIE MEGGS, Et al.**<br><br>    Plaintiffs<br><br>v.<br><br>**SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL, 1540A Longworth House Office Building, Washington, DC 20515, Et al.**<br><br>    Defendants. | Civil Action No.  1:22-cv-00005 |

**UPON CONSIDERATION** of Plaintiffs, Connie and Kelly Meggs, Opposition to the Committee Defendants' Motion to Dismiss and Points and Authorities in Support thereof, the Opposition thereto, any Reply and Oral Argument, and the entire record herein, pursuant to (a) Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") with respect to the causes of action which seek injunctive relief, and (b) FRCP Rule 12(b)(6), the Plaintiffs have shown .  The Supreme Court has explained that '*[h]owever, when the application or construction of a rule directly affects persons other than members of the house, "the question presented is of necessity a judicial one."*'  Y*ellin v. United States*, 374 U.S. 109, 143 (1963)(*citing United States v. Smith*, 286 U.S. 6, 33);(*Christoffel v. United States*, 338 U.S. 84)(emphasis added).  In that case, the Court found that '"…[B]*ecause of the view we take of the Committee's action, which was at variance with its rules, we do not reach the constitutional questions raised.*"  The D.C. Circuit in *Rangel v. Boehner*, 20 F. Supp. 3d 148, 170, (D.C. Cir. 2013) also explained that "[i]t is only when the challenge concerns a Rule or the violation of a Rule that exceeds constitutional

restraints that the issue may become justiciable: imagine a Rule effectively circumscribing the right of Members from New York to participate in House votes."). The Court has set forth, denial for jurisdiction requires legislative purpose, and a nexus to the subject. *Deutch v. United States*, 367 U.S. 456, 471, 81 S. Ct. 1587, 1595, 6 L. Ed. 2d 963, 973, (1961). The Defendants have not shown that these documents have a nexus to the legislative purpose where these Plaintiffs' phone records are being sought pursuant to a Committee subpoena.

Dismissal is appropriate when a complaint, construed with all well-pleaded facts viewed in the light most favorable to plaintiffs, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Zagami v. Natural Health Trends Corp.*, 540 F. Supp. 2d 705, 709 (N.D. Tex. 2008), fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In viewing the well-plead facts here, the Select Committee is seeking Plaintiffs' and the family's personal phone data in the same jurisdiction at the same time as where these Plaintiffs are to have a 'fair trial,' the disclosures of which would be highly prejudicial. Therefore, for the reasons as stated in Plaintiffs' Opposition Memorandum of Points and Authorities, it is hereby **ORDERED**, that the Motion to Dismiss is hereby **DENIED**.

    **SO ORDERED**.

                                                                                                 _____
                                                                                                 The Hon. District Judge Carl J. Nichols
                                                                                                 United States District Court Judge