## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONNIE MEGGS, and KELLY MEGGS
*Plaintiffs*,

v.

NANCY PELOSI; BENNIE G. THOMPSON;
ELIZABETH L. CHENEY; ADAM B.
SCHIFF, JAMIE B. RASKIN; SUSAN E.
LOFGREN; ELAINE G. LURIA; PETER R.
AGULIAR; STEPHANIE MURPHY; ADAM
D. KINZINGER; SELECT COMMITTEE TO
INVESTIGATE THE JANUARY 6TH
ATTACK ON THE UNITED STATES
CAPITOL; JOHN WOOD; TIMOTHY J.
HEAPHY, VERIZON COMMUNICATIONS,
INC.; and CELLCO PARTNERSHIP d/b/a/
VERIZON WIRELESS

            *Defendants.*

Case No. 1:22-cv-00005

## ANSWER OF VERIZON COMMUNICATIONS INC AND
## CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

Defendants Verizon Communications Inc. and Cellco Partnership ("Verizon"), by and
through its undersigned counsel, hereby answers the Complaint of Connie Meggs and Kelly
Meggs, and reserves its rights to request dismissal of the Complaint on any and all grounds.
Unless expressly admitted, all allegations set forth in the Complaint are denied.

### PRELIMINARY STATEMENT

1.      Verizon received, as relevant here, a subpoena dated December 15, 2021 from the
U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the
United States Capitol (the "Select Committee") demanding the production of telephone records
for the phone number associated with Plaintiff Connie Meggs's account with Verizon (the

"Subpoena").  This Subpoena demanded production of only Subscriber Information,[1] Connection Records, and Records of Session Times and Durations,[2] for the time period from November 1, 2020, through and including January 31, 2021.  The Subpoena did not compel the production of any call or text message content, or location information.

2.      Upon receiving the Subpoena, Verizon notified Ms. Meggs of Verizon's receipt of the Subpoena from the Select Committee.  This notice informed Ms. Meggs that unless Verizon received "a court document challenging the [S]ubpoena by January 5, 2022, Verizon is compelled to comply with the [S]ubpoena."

3.      Verizon also provided Ms. Meggs with a copy of the Subpoena issued by the Select Committee, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiffs filed this Complaint on January 3, 2022.

5.      Thus, consistent with the notice that Verizon provided Ms. Meggs, Verizon has not produced any of Plaintiffs' records in response to the Select Committee's Subpoena.

---

[1] "Subscriber Information" includes:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[2] "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

6.     In addition, Verizon has received virtually identical subpoenas from the Select

Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon

provided the same notice to those customers that was provided to Ms. Meggs.

**RESPONSES TO PLAINTIFFS' ALLEGATIONS**

The first unnumbered paragraph in the Complaint summarizes the relief sought to which

no response is required.  To the extent any response is necessary, Verizon takes no position

whether Plaintiffs are entitled to the requested relief and judgment except that Verizon denies

that complying with the Subpoena would violate the Stored Communications Act.

The unnumbered introduction to the Complaint quotes a publicly available book authored

by Justice Scalia to which no response is required.  To the extent any response is necessary,

Verizon refers to Court to that book for a complete record of its contents.

1.     The allegations in paragraph 1 are legal arguments, legal conclusions, and a

summary of the relief sought to which no response is required.

2.      Verizon lacks sufficient information to admit or deny the allegations in paragraph

2.

3.     The allegations in paragraph 3 are legal arguments to which no response is

required.  To the extent any response is necessary, Verizon refers the Court to the full text of the

statute cited in paragraph 3 for a complete record of its contents.

4.     The allegations in paragraph 4 are legal arguments to which no response is

required.

5.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that

the Subpoena compels the production of Subscriber Information, Connection Records, and

Records of Session Times and Durations.  Verizon lacks sufficient information to admit or deny

the remaining allegations in paragraph 5.

6.      Verizon admits that the Subpoena is signed by Chairman Bennie Thompson and dated December 15, 2021.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 6.

7.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 7.

8.      Based on the public docket of *United States v. Caldwell, et al.*, No. 1:21-cr-00028 (D.D.C.), Verizon admits that Plaintiff Connie Meggs is a named defendant.

9.      Based on the public docket of *United States v. Caldwell, et al.*, No. 1:21-cr-00028 (D.D.C.), Verizon admits that Plaintiff Kelly Meggs is a named defendant.

10.     Based on the public docket of *United States v. Caldwell, et al.*, No. 1:21-cr-00028 (D.D.C.), Verizon denies the allegation in paragraph 10.

11.     The allegations in paragraph 11 are legal arguments to which no response is required.

12.     The allegations in paragraph 12 purport to summarize a publicly available document filed in *United States v. Caldwell, et al.*, No. 1:21-cr-00028 (D.D.C.).  Verizon refers the Court to the full text of that document for a complete record of its contents.

13.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 13.

14.     The allegations in paragraph 14 are legal arguments to which no response is

required.

15.     The allegations in paragraph 15 are legal arguments and legal conclusions to which no response is required.

16.     The allegations in paragraph 16 are legal arguments and legal conclusions to which no response is required.

17.     The allegations in paragraph 15 are legal arguments to which no response is required.

18.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 18.

19.     The allegations in paragraph 19 are legal arguments to which no response is required.

20.     The allegations in paragraph 20 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 20 for a complete record of its contents.

21.     The allegations in paragraph 21 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 21 for a complete record of its contents.

22.     The allegations in paragraph 22 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 22 for a complete record of its contents.

23.     The allegations in paragraph 23 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 23 for a complete record of its contents.

24.     The allegations in paragraph 24 quote from the publicly available document House Resolution 503 ("H. Res. 503") from the 117th Congress.  Verizon refers the Court to the full text of the document for a complete record of its contents.

25.     The allegations in paragraph 25 quote from the publicly available document H. Res. 503.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 for a complete record of its contents.

26.     The allegations in paragraph 26 are legal arguments to which no response is required.

27.     The allegations in paragraph 27 are legal arguments and legal conclusions to which no response is required.

28.     The allegations in paragraph 28 are legal arguments and legal conclusions to which no response is required.

29.     The allegations in paragraph 29 are legal arguments to which no response is required.

30.     The allegations in paragraph 30 are legal arguments and legal conclusions to which no response is required.

31.     The allegations in paragraph 31 are legal arguments and legal conclusions to which no response is required.

32.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 32.

33.     The allegations in paragraph 33 are legal arguments and legal conclusions to which no response is required.

34.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

34.

35.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 35.

36.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021 for a phone number associated with Ms. Meggs's account.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 36.

37.     The allegations in paragraph 37 are legal conclusions to which no response is required.

38.     The allegations in paragraph 38 are legal conclusions to which no response is required.

39.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 39.

40.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 40.

41.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 41.

42.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it received the Subpoena, and that Subpoena demanded production of the records described in paragraph 1 of the Preliminary Statement.  Verizon admits that its Security Assistance Team is

located at 180 Washington Valley Road, Bedminster, NJ 07921.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 42.

43.     Verizon admits, based on publicly available information, that Nancy Pelosi is the Speaker of the United States House of Representatives, and that the Select Committee issued the Subpoena.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 43.

44.     Verizon admits, based on publicly available information, that Bennie G. Thompson is the Chairman of the Select Committee.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 44.

45.     Verizon admits, based on publicly available information, that Elizabeth L. Cheney is a member of the Select Committee, and that the Select Committee issued the Subpoena.

46.     Verizon admits, based on publicly available information, that Adam B. Schiff is a member of the Select Committee, and that the Select Committee issued the Subpoena.

47.     Verizon admits, based on publicly available information, that Jamie B. Raskin is a member of the Select Committee, and that the Select Committee issued the Subpoena.

48.     Verizon admits, based on publicly available information, that Susan Ellen "Zoe" Lofgren is a member of the Select Committee, and that the Select Committee issued the Subpoena.

49.     Verizon admits, based on publicly available information, that Elaine G. Luria is a member of the Select Committee, and that the Select Committee issued the Subpoena.

50.     Verizon admits, based on publicly available information, that Peter R. Aguilar is a member of the Select Committee, and that the Select Committee issued the Subpoena.

51.     Verizon admits, based on publicly available information, that Stephanie Murphy

is a member of the Select Committee, and that the Select Committee issued the Subpoena.

52.    Verizon admits, based on publicly available information, that Adam D. Kinzinger is a member of the Select Committee, and that the Select Committee issued the Subpoena.

53.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 53.

54.    Verizon admits, based on publicly available information, the allegations in the first sentence of paragraph 54.  Verizon lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 54.  The remaining allegations in paragraph 54 are legal arguments and legal conclusions to which no response is required

55.    The allegations in paragraph 55 quote from the publicly available document H. Res. 503.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 for a complete record of its contents.

56.    Verizon admits, based on publicly available information, that Timothy J. Heaphy is Chief Investigative Counsel for the Select Committee.

57.    Verizon admits that this Court has subject matter jurisdiction over this action.

58.    The allegations in paragraph 58 are legal arguments to which no response is required.

59.    Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon denies the allegations in paragraph 59.

60.    Verizon admits that this Court has personal jurisdiction over Verizon.

61.    Verizon admits that venue is proper in the District of Columbia.

62.    With respect to paragraph 62, Verizon incorporates by reference its responses to with respect to each count in the Complaint.

63.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 63.

64.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 64.

65.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 65.

66.     Verizon admits, based on publicly available information, the allegations in paragraph 66.

67.     Verizon admits, based on publicly available information, the allegations in paragraph 67.

68.     The allegations in paragraph 68 references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021.  Verizon respectfully refers the Court to the full text of that document for a complete record of its contents.

69.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 69.

70.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 70.

71.     The allegations in paragraph 71 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text H. Res. 503 for a complete record of its contents.

72.     The allegations in paragraph 72 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text

H. Res. 503 for a complete record of its contents.

73.    The allegations in paragraph 73 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 and the case cited in paragraph 73 for a complete record of their contents.

74.    The allegations in paragraph 74 are legal conclusions to which no response is required.

75.    The allegations in paragraph 75 quote from H. Res. 503 and no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 for a complete record of its contents.

76.    The allegations in paragraph 76 quote from H. Res. 503 and no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text H. Res. 503 for a complete record of its contents.

77.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 77.

78.    The allegations in paragraph 78 are legal arguments to which no response is required.

79.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 79.

80.    The allegations in paragraph 80 are legal arguments to which no response is required.

81.    Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for a phone number associated with Ms. Meggs's account.

11

Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 81.

82.     Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demanded production of Subscriber Information,[3] Connection Records, and Records of Session Times and Durations[4] for the time period from November 1, 2020, through and including January 31, 2021.  Verizon denies that the Subpoena compels the production of any call or text message content.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 82.

83.     Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 83.  Verizon incorporates by reference paragraphs 2 and 3 of its Preliminary Statement.  Verizon admits that it notified Ms. Meggs of the Subpoena.  Verizon admits that the Subpoena was not issued by a court.  Verizon denies the remaining allegations in paragraph 83.

84.     Verizon incorporates by reference paragraphs 2 and 3 of its Preliminary Statement.  Verizon admits that its notice to Ms. Meggs included the following sentence: "According to our records, you are the subscriber of that phone number."  The allegations in the second sentence of paragraph 84 are legal arguments to which no response is required.

---

[3] The Subpoena defined "Subscriber Information" as:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses).

[4] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.

85.     Verizon denies the first sentence in paragraph 85.  Verizon incorporates by reference paragraphs 2 and 3 of its Preliminary Statement.  Verizon admits that its notice to Ms. Meggs included the following line:  "Please be advised that unless Verizon receives a court document challenging the subpoena by January 5, 2022, Verizon is compelled to comply with the subpoena."

86.     The allegations in the first two sentences of paragraph 86 are legal arguments to which no response is required.  Based on publicly available information, Verizon denies the allegations in the last sentence of paragraph 86.

87.     The allegations in paragraph 87 are legal arguments to which no response is required.  To the extent that any response is required, Verizon denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 are legal arguments to which no response is required.

89.     The allegations in paragraph 89 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

90.     The allegations in paragraph 90 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

91.     The allegations in paragraph 91 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

92.     The allegations in paragraph 92 are legal arguments to which no response is

required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

93.     The allegations in paragraph 93 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

94.     The allegations in paragraph 94 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

95.     The allegations in paragraph 95 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

96.     The allegations in paragraph 96 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 96.

97.     The allegations in paragraph 97 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

98.     The allegations in paragraph 98 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

99.     The allegations in paragraph 99 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon lacks sufficient information to admit

or deny the allegations in paragraph 99.

100.    Verizon incorporates by reference paragraphs 1-3 of its Preliminary Statement. Verizon incorporates by reference its Preliminary Statement.  Verizon admits that it sent Ms. Meggs the notice described in paragraph 2 of its preliminary statement on December 17, 2021, and that one sentence in this notice read:  "Please be advised that unless Verizon receives a court document from you challenging the subpoena by January 5, 2022, Verizon is compelled to comply with the subpoena."

101.    Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demanded the production of the records described in paragraph 1 of its Preliminary Statement for a phone number associated with Ms. Meggs's account.

102.    Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of "Subscriber Information" and defines that as including only:  "name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including

temporarily assigned network addresses and registration Internet Protocol ("IP") addresses)."

103.    Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of "Connection Records, and Records of Session Times and Durations" and defines that as including only "call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections."  Verizon denies that the Subpoena demands the production of any call or text message content.

104.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 104.

105.    Verizon incorporates by reference paragraph 1 of its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021.

106.    The allegations in paragraph 106 are legal arguments to which no response is required.

107.    The allegations in paragraph 107 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 107 for a complete record of its contents.

108.    The allegations in paragraph 108 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 108 for a complete record of its contents.

109.    The allegations in paragraph 109 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 109 for a complete record of its contents.

110.    The allegations in paragraph 110 are legal arguments to which no response is required.

111.    The allegations in paragraph 111 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 111 for a complete record of its contents.

112.    The allegations in paragraph 112 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 112 for a complete record of its contents.

113.    The allegations in paragraph 113 are legal arguments to which no response is required.

114.    The allegations in paragraph 114 are legal arguments to which no response is required.

115.    The allegations in paragraph 115 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 115 for a complete record of their contents.

116.    The allegations in paragraph 116 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 116 for a complete record of their contents.

117.    The allegations in paragraph 117 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the

cases cited in paragraph 117 for a complete record of their contents.

118.    The allegations in paragraph 118 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 118 for a complete record of their contents.

119.    The allegations in paragraph 119 are legal arguments to which no response is required.

120.    The allegations in paragraph 120 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of H. Res. 503 for a complete record of its contents.

121.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 121.

122.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 122.

123.    The allegations in paragraph 123 are legal arguments to which no response is required.

124.    The allegations in paragraph 124 are legal arguments to which no response is required.

125.    Verizon lacks sufficient information to admit or deny the allegations in the first two sentences of paragraph 125.  The remaining allegations in paragraph 125 are legal arguments to which no response is required.

126.    With respect to paragraph 126, Verizon incorporates by reference its responses to paragraphs 1 through 125.

127.    The allegations in paragraph 127 are legal arguments to which no response is

required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 127 for a complete record of its contents.

128.    The allegations in paragraph 128 summarize the relief sought to which no response is required.

129.    The allegations in paragraph 129 appear to contain a typographical error.  Verizon understands that this paragraph does not stand alone, must be read alongside the allegations in paragraph 130, and therefore does not require a response.  Alternatively, the allegations in paragraph 129 are legal arguments to which no response is required.

130.    Verizon incorporates by reference its response to paragraph 129.  The allegations in paragraph 130 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 130 for a complete record of its contents.

131.    The allegations in paragraph 131 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 131 for a complete record of their contents.

132.    The allegations in paragraph 132 are legal arguments and legal conclusions to which no response is required.

133.    The allegations in paragraph 133 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

134.    The allegations in paragraph 134 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

135.    The allegations in paragraph 135 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

136.    The allegations in paragraph 136 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

137.    With respect to paragraph 137, Verizon incorporates by reference its responses to paragraphs 1 through 136.

138.    The allegations in paragraph 138 are legal arguments and a summary of the relief sought to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the statutes and Federal Rules cited for a complete record of their contents.

139.    The allegations in paragraph 139 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the statutes and the advisory notes to the Federal Rules cited for a complete record of their contents.

140.    The allegations in paragraph 140 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the advisory notes to the Federal Rules cited for a complete record of their contents.

141.    The allegations in paragraph 141 are legal arguments to which no response is required.

142.    The allegations in paragraph 142 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 142 for a complete record of its contents.

143.    The allegations in paragraph 143 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 143 for a complete record of its contents.

144.    The allegations in paragraph 144 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 144 for a complete record of its contents.

145.    The allegations in paragraph 145 are legal conclusions to which no response is required.

146.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 146.

147.    The allegations in paragraph 147 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 147 for a complete record of its contents.

148.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 148.

149.    The allegations in paragraph 149 are a summary of the relief sought to which no response is required.

150.    The allegations in paragraph 150 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the statute in paragraph 150 for a complete record of its contents.

151.    The allegations in paragraph 151 are legal conclusions to which no response is required.  To the extent any response is necessary, Verizon admits that Plaintiffs' complaint alleges the existence of a dispute as to whether Verizon may comply with the Select

21

Committee's subpoena.

152.    The allegations in paragraph 152 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the advisory notes to the Federal Rule cited in paragraph 152 for a complete record of its contents.

153.    Verizon lacks sufficient information to admit or deny the allegations in paragraph 153.

**PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiffs is entitled to the requested relief and judgment in subpart a through g, i through k, and m.  Verizon denies that complying with the Subpoena would violate the Stored Communications Act, as asserted by Plaintiffs in subpart h. Verizon further denies that Plaintiffs are entitled to Verizon's payment of their attorneys' fees and expenses, as asserted by Plaintiffs in subpart l.


Dated: April 12, 2022                    Respectfully submitted,



                                         /s/ Reid M. Figel
                                         Reid M. Figel
                                         **KELLOGG, HANSEN, TODD,**
                                         **  FIGEL & FREDERICK, P.L.L.C.**
                                         1615 M Street, N.W., Suite 400
                                         Washington, D.C. 20036
                                         Tel: (202) 326-7900
                                         rfigel@kellogghansen.com

                                         *Counsel for Defendants Verizon*
                                         *Communications Inc., and Cellco Partnership*
                                         *d/b/a Verizon Wireless*